**MD RAHMAN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 05–2310–AG.

United States Court of Appeals,
Second Circuit.

March 23, 2006.

Theodore N. Cox, Maunica Sthanki, on the brief, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney, District of Kansas, Wichita, Kansas, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

MD Rahman, through counsel, petitions for review of the April 15, 2005 BIA order affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

Notwithstanding some flaws in the IJ's decision, substantial evidence supports the IJ's adverse credibility determination. The IJ accurately observed that in 1999, Rahman testified that he was arrested three times, while in 2003, he testified he was arrested only two times. The IJ also accurately observed that when Rahman testified in 2003 about the first of two arrests, he appeared to discuss a fourth arrest, because it was distinct from the three arrests mentioned in 1999. Rahman testified that he was arrested in March 1991 following a large demonstration, in which the police "resorted to gunfire." Rahman stated that he was jailed for one month, during which time the police beat him and kicked him with their boots on his back, knee, and shoulder. Rahman did not mention this arrest in June 1999. In contrast, in 1999, he discussed an April 1990 arrest, which he omitted from his 2003 hearing.

Additionally, the IJ accurately observed an inconsistency between Rahman's June 1999 testimony that the assault by BNP members resulting in a shoulder injury occurred in 1990, and his 2003 testimony that the injury arose from incidents in 1991 or 1992. To the extent that the 1990 assault by BNP members was a separate incident, the IJ properly faulted Rahman because he did not mention it at his 2003 hearing.

Rahman's material omission of the one-month incarceration, combined with his inconsistent testimony regarding when he was attacked by members of the opposition parties, provided substantial evidence to support the IJ's adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161–62 (2d Cir.2006); *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005). Because the IJ denied Rahman's asylum application, he properly found that the higher burden of proof required for withholding of removal had not been satisfied. Likewise, because Rahman's CAT claim shared the same factual premise as his asylum and withholding claims, the IJ correctly found that Rahman had not met the burden of proof with regard to relief under the CAT.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.